yes your honor the next case 1922 47 southern Iowa United States versus Jose Carrillo ready to hear your argument good afternoon may it please the court I'm Brian mumbling represent mr. Carrillo the facts of this case 2017 law enforcement received information from a confidential source that was a Carrillo would sell methamphetamine to a confidential source Carrillo told the confidential source that even methamphetamine from Minnesota and that the first transaction went smoothly the same confidential source could buy it purchased larger quantities the next time as a result of that conversation on July 19 2017 the confidential source under the direction and control of law enforcement which is approximately a kilogram of meth this occurred in South Dakota Carrillo was not stopped nor arrested 29 days later on August 13 2017 without any intervening events occurring Carrillo was again involved in a brokered methamphetamine purchase with the same confidential source this time it involved approximately eight kilograms of methamphetamine this apparently occurred in Iowa Carrillo was not stopped or arrested in both cases the confidential source was debriefed in a Sioux Falls South Dakota task force office the second conspiracy was initiated and completed within a week long period occurring right in the middle of the first conspiracy they both had the same objectives and goals that being distribution of methamphetamine they both the nature and scope of the conspiracies were identical the nature of this conspiracy was to distribute a mixture methamphetamine as was the conspiracy in South Dakota there was a common objective among participants basic methodology was the same various individuals will contact other individuals by phone in order to set up and arrange deliveries of methamphetamine prices would be a negotiated deliveries would be made in automobiles individuals other than those who are involved in negotiations would be used to transport and deliver the good a question about the order here you've now laid out the two conspiracies but the district court from what I can tell had the order incorrect as to when when the guilty pleas were rendered so from my reading and maybe I'll just ask you straight up did Carrillo plead guilty first in this case the Iowa case or the guilty in the Iowa case first so that means jeopardy had not attached in the South Dakota case yet and so I'm wondering how we could possibly have a double jeopardy violation when he pleaded guilty first in the Iowa case isn't the double jeopardy violation it to the extent one exists in the South Dakota case he had filed a a second motion to dismiss on jeopardy after the in the South Dakota case and is that currently on appeal in that case the reason why I'm asking is because it's because when you're talking about double jeopardy you're talking about twice being put in jeopardy for the same offense and when he pleaded guilty to the Iowa case you you know that case was first and so he had not twice been put in jeopardy and so I'm trying to figure out if really this is an argument that should be taken up in the second case which is the South Dakota case and whether we should defer the double jeopardy issue until later until that case comes before us on appeal what I'm asking the court to do is to address the jeopardy issue in terms of whether it was waived based on the order whether it was waived or not the order states that by pleading guilty he had waived it and therefore that leads me into the second argument that I make concerning whether or not a guilty plea in this particular situation would would waive the the argument well I understand that but I mean one of the problems I'm having is the district court nobody corrected the district courts misinterpretation misassumption whatever the district court clearly assumed that the Iowa case came second and so the district court had to go through the analysis and you're suggesting because the district court I think was confused about the order in which these cases arose and so I understand you want us to review the district court's decision but we don't want to render an unnecessary constitutional holding if in fact there's no double jeopardy problem in this case he had asked on the in his in that he'd filed with the original motion to dismiss to for an evidentiary hearing in order to have the issues heard and ensure that any double jeopardy concerns would be addressed prior to trial or to any plea let me go back to my original question it's a South Dakota case on appeal somewhere I still don't know that I have an answer answer to that or is that case over it's it's over it's it's not on appeal your honor that's it's not on appeal that I know of it's been over for quite some time okay thanks so sick successive prosecutions well mr. Carrillo was indicted and successive prosecutions for the same offense raised fundamental double jeopardy concerns although the history of the double jeopardy clause recognizes that a single agreement to commit an offense does not become several conspiracies because it continues over a period of time that standard and that test has been fairly recently been refined and it's reflected by this courts decisions in Thomas United States versus Thomas and again in United States versus Pierre in 2015 it's been refined in cases involving successive prosecutions by adopting a totality of the circumstances test and I believe my brief sufficiently addresses the five factors the court should consider and how they apply to this case I would submit that the government was barred by a double jeopardy from charging Carrillo with count one of this indictment but perhaps the most important issue before the court is raised in argument number two and that is whether the court erred in determining that Carrillo had waived the double jeopardy issue and should have looked at both the face of the indictment and the factual record outside of the original record existing at the time plea was entered because it seems to me your honor that the dissenting opinion in the United States versus Brosee adopts this totality of the circumstance approach to claims of double jeopardy successive prosecutions and based on the recently decided case United States Supreme Court case of class versus US the United States would seem that this issue is right for consideration so what I'm asking for is that this court determined that the government was barred by double jeopardy from charging Carrillo with count one of this indictment as the district court had before a sufficient record in which to decide that alternatively to revamp the case back for an evidentiary hearing additionally the court should discourse clarify the law and reaffirm the totality of the circumstances test further determine whether it would allow for an evidentiary hearing to take place in further in future cases in which the defendant is alleging successive prosecutions if there are no further questions I would like to reserve the time for rebuttal. You may. Thank you. Mr. Jaffe. Yes your honor thank you may please the court in this case the timeline of events is important first is the indictment in the South Dakota case came in January of 2018 the Iowa indictment came in March of 2018 in November of 2018 November 19th the district court in Iowa denied the defendants first motion to dismiss based on double jeopardy grounds stating that jeopardy had not attached yet and at that time the Iowa case was set for trial ahead of the the South Dakota case and the the court took the position in that order that whatever double jeopardy issues that may come up would be an issue for South Dakota at that time after Iowa had concluded its trial and then shortly after that the Carrillo pled guilty in Iowa to both counts on November 30th 2018 and then the next month on December 10th 2018 Carrillo pled guilty in the District of South Dakota and then on March 19th of 2019 Carrillo was sentenced in the District of South Dakota and the defense the Carrillo in Iowa filed another motion to dismiss based on double jeopardy grounds which the court addressed on May 1st 2019 and denied the second motion to dismiss based on the fact that Carrillo had waived his double jeopardy claim by pleading guilty in the South Dakota case that's the point I had with it opposing counsel I know I'm jumping the gun a little bit but I don't want you to move on because I'm really interested in that we have a case I don't know whether it's Pierre one or Pierre two it's a 2017 opinion written by Judge Palatine and it says that you look at the record on a double jeopardy issue at the end it's very clear at the time the plea was entered and here the plea was entered in the Iowa case first and so it appears to me based on that opinion that there can't be a double jeopardy issue because he the I jeopardy had not yet attacked in the South Dakota case yet what's the government's position on I'm just trying to figure out if there's even a constitutional issue we have to address here your honor certainly we believe the district court was correct in denying the first motion to dismiss saying that there was no double jeopardy issue because jeopardy had not attached that would be the government's position as to that and then certainly as far as what the what the district court looked at when the district court looked at when the second motion to dismiss was raised and as Mr. Munley has talked about wanting an evidentiary hearing there's no need to reach those issues either because the South Dakota District Court disclosed at least partially the offense conduct from the pre-sentence investigation report for the judge to consider and based on that the face of the the allegation of the offenses were facially distinct and the court determined in that second order that there was in fact a valid waiver of double jeopardy issues so that would be the government's position on that your honor okay so it sounds to me like you're first of all there's no double jeopardy issue at all but even if there was he waived it by pleading guilty it's sort of a two-step or alternative arguments there yes your honor that's that is the government's position thank you I would also just respond to just briefly just to some of the some of the differences in the way that my friend Mr. Munley and I look at the at the facts of the two conspiracies on them on the most significant issues for the conspiracies they're very different yes they both have the same objective of distributing methamphetamine but the people are different in one conspiracy the Carrillo Ochoa conspiracy in Iowa there are only two people in South Dakota there's five people plus Carrillo the sources of supply for the methamphetamine are of Kansas City being the source of supply in the Iowa case and Minnesota Minneapolis Minnesota being the source of supply for the South Dakota conspiracy the time frame although in looking at the indictments in the two cases the South Dakota case would appear to overlap in time because it goes from an unknown date through November 15th 2017 and the and and the indictment in the Iowa case is limited to August 6 2017 through August 13th 2017 so although there is potentially some overlap the PSI from South Dakota clears up any issue with that because the PSI specifically says that Carrillo's conduct was limited to the transaction that he brokered on July 14th and 15th of 2017 which is of course outside of the Iowa time frame for that conspiracy what about the fact that this CI is the same in both cases do I understand that the CI was working with a task force out of South Dakota for both of those controlled buys or controlled contacts and transactions yes your honor I the the confidential source was the same in both conspiracies and was utilized by the same investigators in those cases but but of course the CS was not charged in which means he's not a co-conspirator as the government understands the current state of the law so based on that there wouldn't be enough overlap in the conspiracies to implicate to to put cause call into question at all the fact that these are facially distinct offenses particularly also given that go ahead I'm sorry finish your answer no please judge Kelly well I and maybe I this person been identified through the course of the case or was it always just an initials they have never been identified in the case your honor and did any did the defendant try to find out who was who that was I'm thinking and sort of an effort to determine whether that was a that person was some kind of a link or a bridge between these two conspiracies well I should clarify the the discovery as in the Iowa case did include as we went to trial the information and some that was that was provided that include the information about the confidential source but I don't believe that information was put into the record in this case so I just wanted to clarify that point but certainly the the government's position is that the use of the same confidential source to for these for these things for these conspiracies does not make them not facially distinct and the reason is that you have this whole organization that is moving somewhere between 18 to 27 kilograms and mr. Carrillo played a small part in that by brokering this one transaction but entirely separate from that is this other source of supply coming out of not with any of those other people the five other co-conspirators he was with in South Dakota but you have this much more limited arrangement where the where he gets in contact with mr. Ochoa and when you look at the of course the locations of where these conspiracies took place and the fact that they didn't overlap in time the fact that the government submits that the fact that there was a confidential source utilized in both cases is not dispositive on the issue of there being facially distinct offenses that the defendant waived when he pled guilty I would just briefly mention your honors that on the second issue that the government submits that the sentence in this case was reasonable it was a 45 month variance below the guideline range both counts were to run concurrent for 190 months and it was also concurrent to the 51 month sentence in South Dakota and for all those reasons as well as those stated in our brief we would submit that that was a reasonable sentence for the district court to impose. Did he get a lower sentence in South Dakota because of cooperation? I believe your honor that he got a lower sentence because it was a lower amount so he had a lower base offense level because it was I believe 991 grams of methamphetamine in South Dakota versus the 7,900 grams in Iowa. Oh and he was safety valve in South Dakota right yeah okay that that's exactly right your honor yes so unless the court has any further questions we would submit with those comments. I see no other questions thank you. Thank you your honor. Mr. Medley your rebuttal. I think perhaps you're still muted Mr. Medley. Thank you your honor just briefly a conviction based on a guilty plea can rarely be collaterally attacked although rare does not mean ever what I'm asking the court to do is to determine under what circumstances defendant who has entered a plea of guilty to a criminal charge may assert a double jeopardy claim in a collateral attack upon the sentence. The United States Supreme Court issues is an exceptional issue that as I said in light of the recent Supreme Court case of class should be looked at and I'm asking the court to allow for a and the cases that a lot that I've cited to which allow the court to look at this as a collateral issue and that it's not been weighed in which is what the court order states. The reason I'm it's it's a dangerous path to go down is if Mr. Corrello had went to trial in South Dakota and had been acquitted the government could have attempted to do the same thing could have tried him for the same conspiracy in Iowa so this is really a case about preventing abuse of it serves the purpose of providing criminal defendants with some type of finality and repose and that's what I'm asking the court to address in terms of to look at the main issue as to whether or not Mr. Corrello actually waived this claim and then the additional information as to what he's allowed to reverse the district court's finding the record is clear I think that Corrello's double jeopardy challenge is valid. I think the court limited scope of review to just the face of the indictment and what I'm asking the court to do is to do what I had asked the district court to do and that's allow for a attack on a criminal conviction based on double jeopardy and to allow Mr. Corrello as I said the record that the information that I just relayed to the court in terms of the details of this are we're all part of this record before the trial judge but it was never it was never reviewed for that so I'm asking the court to determine under what circumstances the defendant who has entered a guilty plea to a criminal charge may assert a double jeopardy claim in a collateral attack on his sentence. I think that's all I have. Thank you very much we thank both counsel for your arguments and for your willingness to appear by video we will take the matter under advisement.